IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TYRIQUEZ L. MCFADDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-162 |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| BOP; JAMES CHRISTIAN STUCHELL; | ) | |
| STEPHEN THOMAS INMAN; BRIAN T. | ) | |
| RAFFERTY; EDWARD T. TARVER; | ) | |
| JAMES D. DURHAM; RANDALL J. HALL; | ) | |
| U.S. DEPT. OF JUSTICE; ATF; and STATE | ) | |
| OF GEORGIA, AUGUSTA, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On February 14, 2023, the Court directed Plaintiff to file an amended complaint providing sufficient evidence of federal jurisdiction within fourteen days. (See doc. no. 9.) The Court cautioned Plaintiff that failing to submit a timely amended complaint would result in a recommendation for dismissal of this action. (Id. at 4.) The time to respond has passed, but Plaintiff has not submitted an amended complaint.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District

courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint providing evidence of federal jurisdiction, or even to provide an explanation for his failure to comply with the Court's prior order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that failing to submit the required amended complaint would result in a recommendation for dismissal.

Furthermore, federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited

grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Plaintiff has failed to respond with an amended complaint as directed by the Court's February 14, 2023 Order, and Plaintiff has likewise failed to establish a valid basis for federal court jurisdiction because the original complaint is based on frivolous, sovereign-citizen legal theories, as the Court explained in that same February 14th Order.  Therefore, Plaintiff's case should be dismissed.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA